**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rifky Weiss, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br><br><br> -v.-<br><br>Portnoy Schneck, L.L.C.,<br>Cavalry SPV I, LLC,<br><br>       Defendant(s). | Civil Action No: 1:21-cv-6504<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rifky Weiss (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Portnoy Schneck, L.L.C., formerly known as Schachter Portnoy Schneck, L.L.C. (hereinafter referred to as "Defendant Portnoy") and Defendant Cavalry SPV I, LLC (hereinafter referred to as "Defendant Cavalry"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Portnoy is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address at 3705 Quakerbridge Road, Suite 116, Hamilton NJ 08619 and an address for service of process at 3490 US Highway 1, Princeton, NJ 08540.

9. Upon information and belief, Defendant Portnoy uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be owed or due another.

10. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with its headquarters at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595 and an address for service of process at C T Corporation System 28 Liberty St, New York, NY 10005.

11. Upon information and belief, Defendant Cavalry uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts.

**CLASS ALLEGATIONS**

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant Portnoy sent a collection letter;

   c. on behalf of Defendant Cavalry;

   d. in which Defendant Portnoy includes a "balance due as of today" on a judgment;

   e. and states that "interest is currently accruing on the Judgment at the rate of 9% per annum."

      f. without providing the amount of judgment principal;

      g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. At some point in time, on a date better known to Defendants, an obligation was incurred to the original creditor, Citibank, N.A. The subject debt was allegedly incurred solely for personal, household or family purposes, specifically a Citi Simplicity credit card.

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. Upon information and belief, Citibank, N.A. sold or assigned the defaulted debt to Defendant Cavalry on October 19, 2018 for the purpose of debt collection. Therefore, Defendant Cavalry is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

26. Upon information and belief, Defendant Cavalry contracted Defendant Portnoy to collect the defaulted debt. Therefore, Defendant Portnoy is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

27. Defendant Cavalry has policies and procedures in place that govern Defendant Portnoy's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Cavalry's control over Defendant Portnoy's collection practices.

28. By virtue of the relationship between the two Defendants, Defendant Cavalry exercised control over Defendant Portnoy while the latter was engaged in collecting the subject debt on behalf of the former.

29. Therefore, Defendant Cavalry should be held vicariously liable for any and all violations committed by Defendant Portnoy.

*Violation – December 22, 2020 Collection Letter*

30. On or about December 22, 2020, Defendant Portnoy sent Plaintiff a dunning letter regarding the alleged debt, originally owed to Citibank, N.A. (See "Letter" attached as **Exhibit A**).

31. In relevant part, the Letter states:

"Total Balance: $7,212.01 as of the above date"

32. Towards the top of the letter, it is dated December 22, 2020.

33. In the body of the Letter, Defendant Portnoy states: "Judgment was entered against you on April 1, 2019 in the CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF KINGS. The balance due as of today on this Judgment is $7,212.01. Interest is currently accruing on the Judgment at the rate of 9% per annum."

34. In New York, where the subject judgment was issued, the post-judgment interest rate is 9% per year. (N.Y.C.P.L.R. Law § 5004).

35. Interest is calculated by taking the judgment amount and multiplying it by the post-dugment interest rate of .09, then dividing by 365 to arrive at the daily accrual of interest.

36. Interest does not accrue on the total amount of the debt, including principal and interest.

37. By failing to include the judgment amount in the Letter, Defendant falsely implied that interest was accruing on the judgment balance instead of the judgment principal.

38. This misrepresentation has the effect of inflating the future value of the total amount owed and provokes Plaintiff to sooner pay back the debt before it grows even larger.

39. This deceptive practice misconstrues the character and amount of the debt from the perspective of the least sophisticated consumer.

40. The failure to state the correct amount of the debt is material because the amount of the debt goes to the essence of the collection.

41. The Letter is confusing and misleading. Plaintiff could not tell from the Letter if she was required to pay interest on the balance listed or on the judgment amount.

42. The Plaintiff incurred a concrete and particularized harm in that Congress identified a consumer's substantive right to receive correct information regarding the amount of debt owed and the correct amount of interest to which a debt is subject. This harm is closely related to the traditional common law tort of fraud.

43. Due to Defendants' failure to accurately describe the debt in a meaningful way that would be understood by consumers, Plaintiff wasted time and money trying to figure out the

correct way to calculate interest on the debt to determine how she should prioritize paying this debt back amongst all of her other outstanding bills and debts.

44. Further, Defendants' letter is a false representation of the amount of the debt due.

45. As a result of Defendants' false, deceptive, and misleading debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendants violated §1692e:

   a. As the letter falsely represents the character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

   b. As the letter makes a false and misleading representation in violation of §1692e(10).

50. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rifky Weiss, individually and on behalf of all others similarly situated, demands judgment from Defendant Portnoy Schneck, L.L.C. and Defendant Cavalry SPV I, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 22, 2021                               Respectfully Submitted,

                                                                     **STEIN SAKS, PLLC**

                                                                     **/s/ Tamir Saland**
                                                                     Tamir Saland, Esq.
                                                                     One University Plaza, Ste. 620
                                                                     Hackensack, NJ 07601
                                                                     Ph: 201-282-6500 ext. 122
                                                                     Fax: 201-282-6501
                                                                     TSaland@steinsakslegal.com